# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:18-cr-00035-JRS-CMM-1 |
| vs. ) | |
| ) | |
| EDDIE STILES, III, ) | |
| Defendant ) | |

## REPORT AND RECOMMENDATION

On March 29, 2021, the Court held an initial and final hearing on the Petition for Summons for Offender Under Supervision filed on March 18, 2021 [Doc. 36]. Mr. Stiles ("Defendant") appeared with FCD counsel, Gwendolyn Beitz. The Government appeared by Kristina Korobov, Assistant United States Attorney, via phone. U. S. Probation appeared by Officer Jennifer Considine. This matter is heard on a referral from U.S. District Judge James R. Sweeney II. The Defendant was advised that any recommendation from a magistrate judge was subject to review, acceptance, or rejection by the District Judge, who retains ultimate authority to adjudicate these matters.

The parties advised the Court at the outset of the hearing that an agreement was reached by which the defendant would admit Violation 1, 2 and 3 in the petition [Doc. 36].

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant, by counsel, waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted Violations 1, 2 and 3 in the 3/18/2021 petition.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation Number**    **Nature of Noncompliance**

1. "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."

    On March 3, 2021, Mr. Stiles submitted a urinalysis that returned positive for amphetamines and marijuana. On March 10, 2021, this officer confronted Mr. Stiles regarding these results, and he denied use. On March 18, 2021, this officer received confirmation from Alere laboratories that Mr. Stiles test confirmed positive for methamphetamine and marijuana.

    As previously reported to the Court, on November 24, 2020, Mr. Stiles tested positive for amphetamines and marijuana.

2. "You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."

    On February 25, 2021, Mr. Stiles had scheduled treatment appointment and missed the appointment. Additionally, on March 5, 2021, Mr. Stiles was selected to take a random drug test, and he did not report for the urinalysis.

    As previously reported to the Court, on January 14, and 26, 2021, Mr. Stiles had scheduled treatment appointments and missed both of them. Furthermore, on January 29, 2021, Mr. Stiles was selected to take a random drug test, and he did not report for the urinalysis.

3. "You shall report to the probation officer in a manner and frequency directed by the court or probation officer."

> On March 9, 2021, Mr. Stiles was instructed to report to the probation office for an appointment to discuss noncompliance, and he failed to report. On January 26, 2021, this officer directed Mr. Stiles to begin weekly telephone check in on every Tuesday at 8:30 a.m.  On February 23 and March 3, 2021, Mr. Stiles failed to check in with this officer.
>
> As previously reported to the Court, on February 9, 2021, Mr. Stiles failed to call this officer for his weekly check in.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **12-18** months imprisonment.

5. Parties jointly recommended that conditions of supervision be modified to require placement for up to 180 days in a residential re-entry facility (most likely VOA) and GPS monitoring to begin upon order from the District Judge.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a) The Defendant made a voluntary and knowing admission of the violations set forth in the petition;

   (b) The agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge.

### **Recommendation**

Consistent with the parties' agreement, the Magistrate Judge respectfully recommends the Defendant's supervised released terms be revised to require up to 180 days placement in a residential re-entry facility (such as VOA) and GPS ankle monitoring.

The parties have 14 days from this date to appeal this report and recommendation.

The defendant is not detained pending the District Judge's review of the report and recommendation.

Dated: March 29, 2021

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system