## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 2:18-cr-00035-JRS-CMM |
| vs. | ) | |
| | ) | |
| EDDIE STILES, III, | ) | |
|     Defendant | ) | |

## REPORT AND RECOMMENDATION

On May 5, 2021, the Court conducted a final hearing on the Petition for Warrant for Offender Under Supervision filed on April 14, 2021 [Doc. 52]. Eddie Stiles, III ("Defendant") appeared in person with FCD counsel, Bill Dazey. The Government appeared by Tiffany Preston, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to disposition. [Doc. 52] The Defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously had conducted an initial hearing by video conference on April 22, 2021, at which Defendant was advised of his rights and provided a copy of the petition. [Doc. 56]

2. Defendant orally waived his right to a preliminary hearing.

3. After being placed under oath, Defendant admitted Violation No. 1. [Docket No. 47.]

4. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation**
**Number**   **Nature of Noncompliance**

1. "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."

    On April 9, 2021, Mr. Stiles submitted a drug test that returned positive for amphetamines and cannabinoids. On April 13, 2021, this officer confronted Mr. Stiles regarding this drug use, and he admitted to the use of marijuana on April 6, 2021, and the use of methamphetamine on April 7, 2021.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **IV**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **12 to 18** months imprisonment.

6. Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of fifteen (15) months in the custody of the U.S. Bureau of Prisons. The Magistrate Judge further recommends that the defendant resume supervised release at the termination of his incarceration for a period of not less than six months.

7. In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the nearly immediate violation of the terms of supervised release after a similar petition in March 2021 as well as the use of methamphetamine and marijuana while on supervised release], (a)(2)(B) [affording

2

adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release, including the short proximity between substantial violations], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [not applicable here], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records—the recommended sentence is at the middle of the range], and (a)(7) [not applicable here].

8.  The Court considers it critical that the Defendant face consequences of his poor decisions—not least wasting a favorable agreement with the Government during a hearing on March 29 that would have granted him time in a halfway house and resuming drug counseling without further incarceration—but also providing a "landing place" when he is released.  This seems impossible without support from a supervised release environment.  The Defendant's record is plainly troubling, but it seems clear that his best hope of restoring his life, rejoining his family, and making a future can only occur with support from the Probation Office.

### Recommendation

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of fifteen (15) months with supervised release to resume at the termination of his incarceration for a period of at least six months.  The Defendant requested, and the Court concurs, that to the extent possible the Bureau of Prisons place the Defendant at its Milan, Michigan facility.  The Defendant previously was housed at that location and reassignment to a familiar location where he is already

acquainted with counseling staff should provide a smooth transition and perhaps and accelerated process to deal with substance abuse and addiction issues.

      The parties waived the 14-day period within which to object to this report and recommendation.

      The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated:      May 5, 2021

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system